**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALFRED BUTLER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-1976-JMY** |
| | : | |
| **BRENDAN WILSON,** | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM</u>**

**YOUNGE, J.**                                                                          **JUNE 5, 2023**

Plaintiff Alfred Butler, a prisoner currently incarcerated at SCI Huntingdon, initiated this civil action by filing a *pro se* Complaint against Brendan Wilson ("Wilson"). Butler seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Butler leave to proceed *in forma pauperis*, and his Complaint will be dismissed in its entirety. Butler's federal claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and any state law claims asserted by Butler will be dismissed without prejudice for lack of subject matter jurisdiction.

## I.      FACTUAL ALLEGATIONS

Butler asserts claims against a single Defendant, Brendan Wilson, who is identified in the Complaint as a "supervisor" of Santander Bank. (Compl. (ECF No. 1-2) at 1.)[1] Butler avers that the events giving rise to his claims occurred on January 6, 2021. (*Id.* at 2.) Specifically, Butler contends that when he was in jail at the Curran Fromhold Correctional Facility, Wilson "made a promise to send money on [Butler's] book and send [him] . . . $1,000." (*Id.* at 3.) Approximately four to six months later, Butler made a call for more money and Wilson told him

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

at that time that "someone took [his] $41,000 CD's and over $40,000 in savings." (*Id.*)  Butler

was shocked.  (*Id.*)  Wilson told Butler that "we will investigate and the bank will put you[r]

money back in your account."  (*Id.*)  Butler has since learned from a different bank employee

that Wilson no longer works for that bank.  (*Id.*)  Butler avers that he also has an investment

account with the bank, but the "fraud department control[s] it . . . to make sure no one go[es] in

[his] account again."  (*Id.*)  Butler contends that he has suffered "mental depression" and seeks

$150,000 in monetary compensation plus fees and costs.  (*Id.* at 3, 5.)

## II.    STANDARD OF REVIEW

The Court will grant Butler leave to proceed *in forma pauperis* because it appears that he

is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. §

1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint

fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is

governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which

requires the Court to determine whether the complaint contains "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will]

accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in

[the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains

facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory

---

[2]  However, because he is a prisoner, Butler must still pay the full amount of the filing fee in
installments as required by the Prison Litigation Reform Act.

allegations do not suffice. *Iqbal*, 556 U.S. at 678. Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As Butler is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

## III.  DISCUSSION

Butler utilized a form complaint for use by prisoners who intend to assert civil rights violations to draft his Complaint in this case. Accordingly, it appears that Butler intends to pursue civil rights claims pursuant to 42 U.S.C. § 1983. (Compl. at 1.) The Court will liberally construe the Complaint as also raising tort claims under state law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) (explaining that when a Court is presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.").

### A.  Federal Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48 (1988).  Whether a defendant is acting under color of state law— i.e., whether the

defendant is a state actor— depends on whether there is "such a close nexus between the State

and the challenged action' that seemingly private behavior may be fairly treated as that of the

State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

"To answer that question, [the Third Circuit has] outlined three broad tests generated by

Supreme Court jurisprudence to determine whether state action exists: (1) whether the private

entity has exercised powers that are traditionally the exclusive prerogative of the state; (2)

whether the private party has acted with the help of or in concert with state officials; and (3)

whether the state has so far insinuated itself into a position of interdependence with the acting

party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*,

589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Pursuant to § 1983, action under color of state law requires that the one liable under that

statute have exercised power possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law.  *Harvey v. Plains Twp. Police Dep't*, 635

F.3d 606, 609 (3d Cir. 2011).  However, "purely private acts which are not furthered by any

actual or purported state authority are not acts under color of state law." *Barna v. City of Perth

Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).

Butler cannot maintain his federal constitutional claims against Wilson because Wilson is

not a state actor for purposes of § 1983, but rather a private individual employed by a private

entity.  *See, e.g., James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir.

2006) (recognizing that § 1983 claims against a credit union, its president, its chairman, and an

employee failed because these defendants were not state actors); *Mosley v. Bank of Am.*, No. 23-0030, 2023 WL 3295457, at *3 (E.D. Pa. May 5, 2023) (Defendants Bank of America and its manager were not state actors, and therefore, not subject to liability under § 1983); *Johnson v. TD Bank Nat'l Ass'n*, No. 22-4108, 2022 WL 17405831, at *4 (E.D. Pa. Dec. 1, 2022), *aff'd*, No. 22-3363, 2023 WL 2203572 (3d Cir. Feb. 24, 2023) ("Courts in the Third Circuit have repeatedly held that 'constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors.'") (citing *Swope v. Northumberland Nat'l Bank*, No. 13-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) *aff'd sub nom. Swope v. Northumberland Nat. Bank*, 625 F. App'x 83 (3d Cir. 2015)).

Butler fails to allege any facts from which the Court can plausibly infer that Wilson acted under color of state law based on the allegations of the Complaint.  Accordingly, Butler's § 1983 claims against Wilson will be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.  As it appears that any attempt to amend his § 1983 claims would be futile, these claims will be dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")

**B.  State Law Claims**

Although his Complaint specifically references § 1983, it is possible that Butler intended to bring claims, such as fraud, under Pennsylvania state law.[3]  Because the Court has dismissed

---

[3]  Allegations of fraud must satisfy the requirements set forth in Rule 9(b) of the Federal Rules of Civil Procedure.  Therefore, Butler must plead these allegations with particularity. *Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Accordingly, Butler "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c)(1). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Butler does not allege the citizenship of the parties. Because the allegations do not explicitly assert the Defendant's citizenship for purposes of plausibly establishing diversity of

citizenship, Butler has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, Civ. A. No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between the parties. . . .  [N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted).  Accordingly, to the extent that his Complaint may be interpreted to raise state law claims, Butler has failed to meet his burden to demonstrate that the Court may exercise subject matter jurisdiction.  Any state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Butler's right to file an amended complaint on these claims if he can establish a basis for the Court's jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Butler leave to proceed *in forma pauperis* and dismiss his Complaint.  Butler's federal claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and any state law claims he intended to assert are dismissed without prejudice for lack of subject matter jurisdiction.  Butler may file an amended complaint to attempt to cure the defects the Court has identified.[4]  An appropriate Order follows containing additional information about amendment.

BY THE COURT:

/s/ *John Milton Younge*
**JOHN M. YOUNGE, J.**

---

[4]  Butler may also choose to assert any state law claims in an appropriate state court.