IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFRED BUTLER, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-1976-JMY |
| : | |
| BRENDAN WILSON, : | |
|     Defendant. : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                         **JULY 18, 2023**

Following the dismissal of his Complaint for failure to state a claim, *pro se* Plaintiff Alfred Butler has returned with his Amended Complaint. (ECF No. 11.) For the following reasons, the Court will dismiss the Amended Complaint without prejudice for lack of subject matter jurisdiction. Butler will not be given leave to amend because further amendment would be futile.

**I.     FACTUAL ALLEGATIONS**[1]

Butler's initial Complaint asserted claims against a single Defendant, Brendan Wilson, who was identified as a "supervisor" at Santander Bank. (Compl. (ECF No. 1-2) at 1.)[2] Butler alleged that, while he was incarcerated at the Curran Fromhold Correctional Facility ("CFCF"), Wilson "made a promise to send money on [Butler's] book and send [him] . . . $1,000." (*Id.* at 3.) At some point later, Butler made a call for more money and Wilson told him at that time that "someone took [his] $41,000 CD's and over $40,000 in savings." (*Id.*) Wilson told Butler that

---

[1] The factual allegations are taken from Butler's Complaint and Amended Complaint.

[2] The Court adopts the pagination assigned to the Complaint and Amended Complaint by the CM/ECF system.

they would "investigate and the bank will put you[r] money back in your account." (*Id.*)  Butler contended that he suffered "mental depression," and he sought monetary damages.  (*Id.* at 3, 5.)

In a June 5, 2023 Memorandum and Order, the Court granted Butler leave to proceed *in forma pauperis* and dismissed his Complaint in part with prejudice and in part without prejudice. *See Butler v. Wilson*, No. 23-1976, 2023 WL 3821811, at *1 (E.D. Pa. June 5, 2023).  First, the Court dismissed Butler's federal constitutional claims with prejudice because Wilson was not a state actor for purposes of 42 U.S.C. § 1983, but rather a private individual employed by a private entity.  *Id.* at *2.  The Court also dismissed any state law claims to the extent Butler sought to pursue such claims because he did not adequately allege the citizenship of the parties for purposes of plausibly establishing diversity of citizenship.  *Id.* at *3.  Any state law claims Butler sought to pursue were dismissed for lack of subject matter jurisdiction without prejudice to his right to file an amended complaint if he could establish a basis for the Court's jurisdiction.  *Id.*  Butler was instructed that any amended complaint was required to state a claim without reference to the initial Complaint or other documents filed in this case, and suggested he be mindful of the Court's reasons for dismissing his initial Complaint.  (ECF No. 6.)

Butler returned with his Amended Complaint, which he completed by utilizing a standard complaint form for filing a civil action.  (Am. Compl. (ECF No. 11).)  Butler has again named Brendan Wilson as a Defendant.  (*Id.* at 4-5.)  In the caption of his Amended Complaint, Butler also lists Santander Bank and Tyyetta Walker as Defendants, but Santander Bank and Walker are not individually listed on the second page of the complaint form where Butler was instructed to

"[l]ist all defendants." (*Id.* at 5.) It is, therefore, unclear to the Court whether Butler intended to sue Santander Bank and/or Walker.[3]

It appears from the Amended Complaint that Butler seeks to invoke diversity jurisdiction because he filled out the area of the form complaint indicating that both he and the defendant(s) are "US citizen[s]."[4] (*Id.* at 6.) Butler asserts that the events giving rise to his claims occurred when he was incarcerated at CFCF from January 6, 2021 to July 14, 2021. (*Id.*) Butler avers that Wilson, who he identifies as a bank vice president, told him that "they" were "going to help[] [him] by put[ting] money in [his] book" but "they" misplaced his money and now he has "no one else to put money on [his] book so that left [him] with no money." (*Id.*) It appears from the allegations that Wilson "was the one in charge to send money" to Butler and Butler contends that "the bank misplace[d] an amount of $41,900 in CD's and over $40,000 in savings." (*Id.*) He asserts that his "investment" and "money in savings account" are the only items left in his account. (*Id.*) Butler contends that he has suffered both emotionally and financially, and he has "pains every day" and almost had a heart attack. (*Id.* at 7.) He seeks $150,000 in monetary damages. (*Id.*)

II.     **STANDARD OF REVIEW**

Because the Court granted Butler leave to proceed *in forma pauperis*, his Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the

---

[3] In the area of the form complaint where Butler was instructed to list all defendants, he identifies Wilson as Defendants No. 1 through 4, listing him repeatedly on the form. (Am Compl. at 5.) The address of the Santander Bank branch on Market Street in Philadelphia is utilized as the address for Wilson, and there is no mention of Walker anywhere on that page or elsewhere in the Amended Complaint. (*Id.*)

[4] Butler did not check off whether the basis for jurisdiction was federal question or diversity of citizenship, and he failed to identify whether any federal Constitutional, statutory, or treaty rights were at issue. (Am. Compl. at 5.)

Court to dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

Although Butler has not explicitly alleged the basis for his claims, the Court will liberally construe the Amended Complaint as raising tort claims, such as negligence or fraud, under Pennsylvania state law.[5] *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir.

---

[5] The Court's review of Butler's Amended Complaint provides no factual basis to support the exercise of federal question jurisdiction over his claims. Butler makes no assertion that his constitutional rights were violated by a state actor, nor does his Amended Complaint support any other theory of liability under federal law. *See, e.g., James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir. 2006) (recognizing that § 1983 claims against a credit union, its president, its chairman, and an employee failed because these defendants were not state actors); *Mosley v. Bank of Am.*, No. 23-0030, 2023 WL 3295457, at *3 (E.D. Pa. May 5, 2023) (Defendants Bank of America and its manager were not state actors, and therefore, not subject to liability under § 1983); *Johnson v. TD Bank Nat'l Ass'n*, No. 22-4108, 2022 WL 17405831, at *4 (E.D. Pa. Dec. 1, 2022), *aff'd*, No. 22-3363, 2023 WL 2203572 (3d Cir. Feb. 24, 2023) ("Courts in the Third Circuit have repeatedly held that 'constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors.'") (citing *Swope v. Northumberland Nat'l Bank*, No. 13-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) *aff'd sub nom. Swope v. Northumberland Nat. Bank*, 625 F. App'x 83 (3d Cir. 2015)).

1999) (explaining that when a Court is presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."). The only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business.  *See* U.S.C. § 1332(c)(1).  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Butler does not allege the state of citizenship of the parties, but rather asserts that both parties are "US citizen[s]."  (Am. Compl. at 6.)  Because the allegations do not explicitly assert the Defendant's citizenship for purposes of plausibly establishing diversity of citizenship, Butler has again failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, Civ. A. No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between the parties. . . .  [N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted).  Accordingly, because Butler raises only state law claims, and has again failed to meet his burden to demonstrate that the Court may exercise diversity jurisdiction, the Amended Complaint must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Butler's Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.  As Butler has already been given an opportunity to cure the jurisdictional defects in his state claims and has been unable to do so, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

**/s/ *John Milton Younge*** 
**JOHN M. YOUNGE, J.**